# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **STEVE FOWLER, et al.** | ) | **CASE NO.  5:08CV2350** |
| | ) | |
| Plaintiffs, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **CITY OF CANTON, OHIO** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

The instant matter is before the Court upon Defendant City of Canton's ("Canton") Motion for Summary Judgment.  (Dkt. # 44).  Also before the Court are Plaintiffs' Response in Opposition (Dkt. # 46) and Canton's Reply (Dkt. # 48).

## I. FACTUAL BACKGROUND

After an incident in Canton, Ohio, Canton began an internal investigation of Plaintiff Officer Steve Fowler ("Fowler").  On or about February 4, 2004, as part of the investigation, the Canton Police Department's Internal Affairs Office interviewed Fowler after he was read and subsequently signed a "Garrity" warning.[1]  (Dkt. # 46 Ex. 1, 2). Following his interview, Canton terminated Fowler's employment, later reinstating him following arbitration.  (Dkt. # 46 Ex. 4 at 10, 33).

---

[1] The Canton Police Department's Garrity warning grants immunity to interviewed officers' self-incriminating comments or the fruit of such comments from any criminal proceeding, but requires that the interviewed officers answer questions fully and truthfully.  (Dkt. # 46 Ex. 1, 2).  In Garrity v. New Jersey, 385 U.S. 493, 497 (1967), the Supreme Court held that statements made by a police officer under threat of termination generally cannot be used against the officer in a subsequent criminal trial.

1

Canton's Special Prosecutor, Keith Warstler ("Warstler") received and reviewed Fowler's Garrity statements and arbitration testimony for potential criminal charges. (Dkt. # 46 Ex. 5 at 9-10). On August 5, 2005, Fowler was charged with: 1) perjury, regarding Fowler's testimony in arbitration and his Garrity interview, and 2) unauthorized use of computer, cable or telecommunications property, regarding the incident investigated. (Dkt. # 46 Ex. 6, 7). However, the Grand Jury returned an indictment only relating to unauthorized use of property. (Dkt. # 44 at 1). On September 19, 2007, Fowler proceeded to trial on the unauthorized use of property charge, which was dismissed after the prosecution rested. (Dkt. # 44 Ex. 8).

On March 24, 2004, the Canton Police Department began an Internal Affairs investigation of Plaintiff Keith Pressley ("Pressley"), a former Canton Police Officer. (Dkt. # 46 Ex. 9). Pressley was read his Garrity warning; he signed it, and then subsequently gave a statement regarding his involvement with alleged insurance fraud. (Dkt. #46 Ex. 24). Following the interview, Pressley was charged with insurance fraud, and he pleaded guilty to a bill of information on June 16, 2004. (Dkt. # 44 Ex. 12). Pressley's guilty plea came before any indictment or trial proceedings began.

Both Fowler and Pressley were members of the Canton Police Patrolman's Association ("CPPA") at the time of their investigations. (Dkt. # 40 Ex. 8). According to Plaintiffs, in February of 2008, the CPPA discovered that, unbeknownst to Pressley, Fowler, or the CPPA, Canton Police Officers' Garrity statements were given to Stark County prosecutors. (Dkt. # 46 at 3). On March 4, 2008, CPPA received the immunized statements of Officer Fowler and Pressley from the Stark County Prosecutor's office

2

through the Freedom of Information Act (Dkt. # 46 at 3; Dkt. # 44 at 4). On September 10, 2008, Plaintiffs filed suit against Canton in the Stark County Court of Common Pleas. (Dkt. # 1). On October 3, 2008, the case was removed to this Court. (Dkt. # 1). On April 22, 2009, Canton filed the instant Motion for Summary Judgment. (Dkt. # 44).

## II. STANDARD OF REVIEW

Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56 (c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering such a motion, the court must review all of the evidence in the record. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); accord Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 556-57 n.7 (6th Cir. 2000). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

"A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (quoting FED. R. CIV. P. 56 (c)).  The movant meets this burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Clayton v. Meijer, Inc., 281 F.3d 605, 609 (6th Cir. 2002) (quoting Celotex, 477 U.S. at 324-25).  The non-movant then "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

### III. LAW AND ANALYSIS

Canton seeks dismissal of all of Plaintiffs' claims because: (1) Plaintiffs' Ohio constitutional claims are without a cause of action, (2) Plaintiffs' 42 U.S.C. § 1983 claims are barred because either the statute of limitations has run or the claims are improper collateral attacks on state court proceedings, and (3) Plaintiffs' breach of contract claims are without merit.

#### A. Violations of Ohio's Constitution

Canton contends that Fowler and Pressley's state law claims are not cognizable under Ohio law because the Ohio Constitution does not recognize a cause of action for tort claims when another adequate remedy exists.  Fowler and Pressley allege that Canton violated Art. I §§ 10 and 16 of the Ohio Constitution—reassertions of the United States Constitution's Fifth and Fourteenth Amendment—when it allegedly used their Garrity

4

statements in subsequent criminal proceedings. (Dkt. # 24). The Supreme Court of Ohio has refused to recognize a private cause of action for violations of the Ohio Constitution when it is determined that there are adequate remedies provided by statute or administrative process. Provens v. Stark County Bd. of Mental Retardation & Developmental Disabilities, 64 Ohio St.3d 252, 261 (1992). 42 U.S.C. § 1983 is one such remedy, providing in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added).

Therefore, unless § 1983 is proven to be an inadequate remedy, Plaintiffs' Ohio constitutional claims must be dismissed.

Plaintiffs assert that the Provens "adequate remedy" provision does not preclude their actions because Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), permits a constitutional tort if it stems from a Fifth Amendment violation. (Dkt. # 46 at 16). Bivens does grant federal courts the discretion to create a constitutional tort for violations of the Fifth Amendment perpetrated by those acting under the color of *federal law* because they are not covered by § 1983. The present case, however, deals with police officers acting under the color of *state law* who *are* covered by § 1983.

Therefore, an adequate remedy exists for Plaintiffs' Ohio constitutional claims, which are consequently barred from adjudication.

### B.  42 U.S.C. § 1983 Claims

Canton contends that Plaintiffs' § 1983 claims fail because: (1) they were filed outside the applicable statute of limitations, (2) they are an impermissible collateral attack upon state court proceedings, and (3) there is no evidence of impermissible use of Fowler's or Pressley's Garrity statements.

#### 1.  Statute of Limitations

Canton asserts that the statute of limitations has run for all of Fowler and Pressley's § 1983 claims.  The Supreme Court recognizes that § 1983 lacks an explicit statute of limitations, and therefore, directs courts to apply the most analogous statute of limitations of the state from which the claim arose.  Wilson v. Garcia, 471 U.S. 261, 266-267 (1985).  The Sixth Circuit applies Ohio's two year personal injury statute of limitations to § 1983 claims.  Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989).

A § 1983 cause of action based on the improper use of a Garrity statement is ripe only after the statements have been used in a legal proceeding in an impermissible way. McKinley v. City of Mansfield, 404 F.3d 418, 438 (6th Cir. 2005).  Therefore, the statute of limitations began to run on Fowler and Pressley's § 1983 claims when they discovered that they had a cause of action—i.e. that their Garrity statements were improperly used— unless they should have been put on inquiry notice as to their claims' existence at an earlier date.  Harris v. Muchnicki, 932 F. Supp. 192, 195 (N.D. Ohio 1996).  A plaintiff

has "reason to know of his injury" when, through the exercise of due diligence, he should have discovered it.  Id.; see also Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984).

Plaintiffs' filed their claims on September 10, 2008.  Therefore, a finding of Plaintiffs' constructive or actual notice of their § 1983 cause of action, prior to September 10, 2006, would bar their present action.

### *a) Fowler's § 1983 Claims*

Canton asserts that Fowler's § 1983 claims are barred by the two year statute of limitations, because Fowler and his CPPA attorney, Charlene Hardy ("Hardy") had actual or constructive notice of Canton's use of Fowler's Garrity statements in a criminal proceeding prior to September 10, 2006.  Fowler, however, asserts that he did not have notice of Canton's possession of his statements until they were turned over in March 2008, via the Freedom of Information Act, and therefore, had no notice of the use of the statements in a criminal proceeding.

Canton argues that Fowler had notice of Canton's possession of the Garrity statements due to the explicit wording of the perjury charge, served upon him August 5, 2005. The perjury charge states, "Defendant Steve Fowler made several false statements during an arbitration and to Internal Affairs relating an incident that occurred on January 30, 2004."  (Dkt. # 46 Ex. 6).  Fowler's response fails to present any alternative meaning for these "false statements . . . to Internal Affairs relating an incident that occurred on January 30, 2004," other than his Garrity statements.  Fowler does attempt to deflect this point, however, by asserting that without access to the Grand Jury transcripts, he could not have known that the Government had the statements and utilized them in the Grand

7

Jury trial. This response is unpersuasive due to the explicit wording of the perjury charge.

Moreover, in their Response to Canton's Motion for Summary Judgment, Plaintiffs admit that at the trial regarding Fowler's unauthorized use of property charge, Fowler's counsel sought the suppression of the arbitration statements, as she felt that they were fruit of Fowler's Garrity statements. (Dkt. # 46 at 5; Ex. 19). Fowler and his counsel reviewed the perjury charge, which stated clearly that it sought to indict Fowler due to statements made in arbitration and to Internal Affairs. Even if Fowler argues that the wording of "statements . . . to Internal Affairs" is ambiguous and might not relate to his Garrity statements, Fowler's counsel's actions show that she believed the arbitration testimony to be fruit of the Garrity statements. As it was obvious that at least the arbitration statements were used at the Grand Jury trial, Fowler's cause of action accrued when those legal proceeding commenced in August of 2005—prior to September 10, 2006. Fowler's § 1983 claims are thus barred from adjudication.

### b) Pressley's § 1983 Claims

Canton admits that their statute of limitations argument relating to Pressley's § 1983 claims is "fairly inconsequential," beyond stating that Pressley pleaded guilty to a bill of information in 2004 and he knew at that time of an internal affairs investigation against him. Canton also fails to recognize that Pressley had notice of the use of his Garrity statements in a criminal proceeding prior to 2008. Without evidence to the contrary, the Court views the presented evidence in a light most favorable to Pressley and finds that he did not know that Canton possessed his Garrity statement nor that his

statements may have been used in a criminal proceeding. The Court holds that the statute of limitations has not run on Pressley's § 1983 claims or CPPA's derivative § 1983 claims.

### 2. Collateral Attack on State Court Proceedings

Canton asserts that Plaintiffs' § 1983 claims are impermissible collateral attacks upon state court convictions and proceedings and must, therefore, be dismissed. As discussed above, Fowler's § 1983 claims are barred by the statute of limitations. Therefore, the Court will only examine Canton's argument as it pertains to Pressley's § 1983 claims.

The Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994):

> . . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-7.

The Court went on to give directions to district courts reviewing cases such as Pressley's:

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id.

9

Pressley argues that the fact that he is not and never has been confined due to his charge distinguishes his case from <u>Heck</u>. However, <u>Heck</u> explicitly applies to more than just those who are or were in prison. <u>Heck</u> applies to damages claims for "allegedly unconstitutional <u>conviction</u>[s] or imprisonment[s]." <u>Id</u>. (emphasis added). Pressley pleaded guilty to a bill of information, and was thereby convicted of a state crime. Without a state entity overturning this conviction, awarding Pressley damages based on his § 1983 claim necessarily implies the unconstitutionality of his state court conviction. This is exactly what <u>Heck</u> forbids. Therefore, Pressley's § 1983 claims and CPPA's derivative claims are barred.

### 3. Use of Pressley's and Fowler's Garrity Statements

As discussed above, all of Pressley and Fowler's § 1983 claims are dismissed, and therefore, the Court need not reach this issue. Even if Pressley's claims were not dismissed above, his Garrity statements were never used in a legal proceeding, thus leaving him without a cause of action. Pressley pleaded guilty to a bill of information prior to indictment or trial. Without improper use of his Garrity statements at a legal proceeding, Pressley's § 1983 claim is invalid. <u>McKinley</u>, 404 F.3d 418, 438.

### C. CPPA's § 1983 Claims

Canton asserts that CPPA's §1983 claims should be dismissed because CPPS fails to state any claim in the Complaint independent from Fowler's or Pressley's. CPPA asserts that it has the capacity to sue in this case, as its organization represents both the named Plaintiff patrolmen and all other patrolmen who have been injured or will be injured by Canton's alleged Fifth Amendment violation. "A voluntary membership

10

organization has standing to sue on behalf of its members 'when (a) its members otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires participation of individual members in the lawsuit.'" American Civil Liberties Union of Ohio Foundation, Inc. v. Ashbrook, 375 F.3d 484, 489 (quoting Hunt v. Washington State Apple Adver. Comm., 432 U.S. 333, 343, (1977)).

In the instant case, CPPA lacks standing because Fowler and Pressley do not "have standing to sue in their own right." International Union, United Auto., Aerospace and Agr. Implement Workers of America v. Brock, 477 U.S. 274, 282 (citing Hunt, 432 U.S. at 343). As previously stated, a § 1983 cause of action based on the improper use of a Garrity statement is ripe only after the statements have been used in a legal proceeding in an impermissible way—i.e., used in a legal proceeding for purposes other than perjury. CPPA, therefore, may only represent those who have a present cause of action. Fowler and Pressley's § 1983 claims have been dismissed. Therefore, because CPPA's members do not have standing to sue in their own right, CPPA lacks standing for its § 1983 claims.

**D. Contract Claims**

Because this Court has dismissed all of Plaintiffs' federal claims, only Plaintiffs' breach of contract claims remain, which are founded in Ohio law. Plaintiffs assert that their Garrity warnings amounted to contracts, which Canton subsequently breached. Canton denies that the Garrity warnings were contracts, and argues that even if they were, Canton did not breach.

Though the Court's supplemental jurisdiction allows the Court to hear Plaintiffs' breach of contract claims that are based in Ohio law, the Supreme Court has held that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well," in order to avoid "[n]eedless decisions of state law."  United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).  Likewise, 28 U.S.C. § 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction over a state law claim if the court dismisses all claims over which it has original jurisdiction.  Therefore, because this Court dismisses Plaintiffs' § 1983 claims, it does not have subject matter jurisdiction to interpret Ohio law in order to determine whether the Garrity warnings constituted contracts, or whether these alleged contracts were breached.

### III.  CONCLUSION

For the reasons stated above, Canton's Motion for Summary Judgment is **GRANTED**.  All of Plaintiffs' federal claims are hereby **DISMISSED**.  In addition, the Court **REMANDS** Plaintiffs' breach of contract claims to the Court of Common Pleas for Stark County.

Moreover, because this Court lacks jurisdiction to hear the instant case, Plaintiffs' Motion for Order to Release Grand Jury Testimony (Dkt. # 40) and corresponding orders (Dkt. # 49, 51) and objections (Dkt. # 52) are now moot.

**IT IS SO ORDERED.**

**/s/ Peter C. Economus – September 10, 2009**<br>
**PETER C. ECONOMUS**<br>
**UNITED STATES DISTRICT JUDGE**